**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JOY PRESTON,**

    **Plaintiff,**

    **v.**
                   **Case No. 2:20-cv-5923**
                   **Judge Edmund A. Sargus, Jr.**
                   **Magistrate Judge Elizabeth P. Deavers**

**MIKE DEWINE, *et al.*,**

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff Joy Preston, an Ohio resident proceeding without the assistance of counsel,[1] brings this action against Defendants Mike DeWine, Dave Yost, Lancaster Ohio Domestic Relations Court ("DRC"), Judge Laura B. Smith, Sonya Marshall, Child Protective Services ("CPS"), Hillary & Bill Clinton, the Clinton Foundation, Andrew Ginther, Zach Klein, Columbus Metropolitan Housing Authority ("CMHA"), Alvis (Amethyst), and Adele Johnson. This matter is before the Undersigned for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, ECF No. 1-1, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

---

[1] Plaintiff's caption identifies the Plaintiff(s) as "Joy Preston, Citizen(s) of Ohio, American Victims," but the Complaint only lists Joy Preston as a Plaintiff and is only signed by Joy Preston. (ECF No. 1-1.) Accordingly, the Court construes "Citizen(s) of Ohio, American Victims" to be a modifier of Plaintiff's identity, rather than the identity of separate Plaintiffs.

Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[2] Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Further, when the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28

3

U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.

Plaintiff, proceeding without the assistance of counsel, asserts various claims against Defendants. (*See generally* ECF No. 1-1.) Even giving Plaintiff every benefit of the doubt, this case cannot proceed. Although Plaintiff's exact theory of liability is not immediately clear to the Court, it appears that Plaintiff's claims arise from a state court proceeding in which Plaintiff lost custody of her daughter. (*Id.*) Plaintiff generally alleges that Defendants "used their abuse of laws, power and authority . . . to steal [her] daughter" as part of a child trafficking conspiracy. (*Id.*)

The Undersigned concludes that Plaintiff has failed to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction. "'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

A doctrine known as *Rooker-Feldman* further limits this Court's jurisdiction to adjudicate appeals from or collateral attacks on state-court rulings. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28

4

U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548.

Applying the foregoing, the Undersigned concludes that the *Rooker-Feldman* doctrine operates to bar this Court from exercising jurisdiction over this action. Although the Court is doing a bit of guesswork, it appears that Plaintiff is attacking a state-court judgment concerning the custody of her minor child. This Court does not have jurisdiction to review state-court judgments. Only the United States Supreme Court has jurisdiction to review a case litigated and decided in a state court. *See Gotfried v. Med. Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998). Under the *Rooker-Feldman* doctrine, a litigant cannot collaterally attack a state court judgment by filing a civil rights complaint. *Feldman*, 460 U.S. at 486; *Rooker*, 263 U.S. at 416; *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993). Accordingly, to the extent Plaintiff seeks relief from state court judgments in this Court, those claims are barred under the *Rooker-Feldman* doctrine and must be dismissed as a result. *Carpenter Jenkins v. Scotta*, No. 17-11781, 2019 WL 5680344, at *5 (E.D. Mich. Aug. 20, 2019), *report and recommendation adopted*, No. 2:17-CV-11781, 2019 WL 4686474 (E.D. Mich. Sept. 26, 2019) ("[T]o the extent that [plaintiff] seeks a federal review and reversal of the state court termination of parental rights and custody of the

minor children, dismissal of the claims under the *Rooker-Feldman* doctrine is appropriate.")).

For these reasons, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**DATED: February 5, 2021**               */s/ Elizabeth A. Preston Deavers*
                                          **ELIZABETH A. PRESTON DEAVERS**
                                          **UNITED STATES MAGISTRATE JUDGE**